No. 22,591.

HARVEY J. SPENCER, *Appellee*, v. DEERING J. MARSHALL et al., (E. L. FAIRBANKS et al., *Appellants*).

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injuries on Oil and Gas Drilling Machinery— Demurrer to Plaintiff's Evidence Overruled.* The evidence of the plaintiff was sufficient to prove that E. L. Fairbanks, J. M. Clover, D. Vensel, Frank Wolfe, and D. B. Golden were operating the oil and gas lease and the drilling machinery thereon, on which the plaintiff was injured, and was sufficient to justify the court in overruling their demurrer to the plaintiff's evidence.

2. SAME—*Liability of Operators of Drilling Machinery—Subcontractor.* The evidence was not sufficient to establish that the plaintiff, when he was injured, was employed by a subcontractor; but even if he were so employed, the parties named in the first paragraph of this syllabus were liable to the plaintiff for compensation under section 5898 of the General Statutes of 1915.

3. SAME—*Evidence—Subcontractor.* There was not sufficient evidence to show that the plaintiff was a subcontractor.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 10, 1920. Affirmed.

*George Gardner,* and *J. E. McElvain,* both of Wichita, for the appellants.

*C. A. Matson,* and *I. H. Stearns,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: E. L. Fairbanks, J. M. Clover, D. Vensel, Frank Wolfe, and D. B. Golden appeal from a judgment in favor of the plaintiff under the workmen's compensation act of 1911. The action was commenced by the plaintiff against Deering J. Marshall, the Commercial Refining Company, C. C. Whittaker, the Seven Fields Oil and Gas Company, E. L. Fairbanks, J. M. Clover, D. Vensel, Frank Wolfe, D. B. Golden, and S. C. Clover. A demurrer to the evidence of the plaintiff was sustained as to the Commercial Refining Company, the Seven Fields Oil and Gas Company, and C. C. Whittaker, and was overruled as to the remainder of the defendants. Evidence for the defense was introduced by them; a verdict for the plaintiff was returned against Deering J. Marshall, E. L. Fairbanks, J. M. Clover, D. Vensel, Frank Wolfe, and D. B. Golden; and judgment was rendered on the verdict. The questions presented arise out of the demurrer of the appellants to the evidence of the plaintiff.

1. The plaintiff was injured while working on machinery that was then being used in drilling for gas or oil. The appellants argue that they were not owners or operators of the property at the time the plaintiff was injured, January 7, 1917, and that therefore they were not liable to him for compensation. Numerous leases of the property for the purpose of developing gas and oil, and numerous assignments of those leases were introduced in evidence. By those leases and assignments it was clearly shown that the appellants at one time were owners of interests in the property. John Risher testified that he was employed as field man and superintendent in charge of drilling on the property from October, 1916, to April, 1917, and that he recalled the incident of the plaintiff being injured while working on the lease. Risher further testified that from October, 1916, to January 15, he was employed by Frank Wolfe, J. M. Clover, S. C. Clover, E. L. Fairbanks, D.

Marshall, D. Vensel, P. Elliott, and Henry Rutherman; that he employed Harvey J. Spencer for Frank Wolfe and others to pull the casing; that he knew who owned the lease and interest in the well in which they were working; that it was those parties whom he named as Frank Wolfe and others; that he was not employed by the Commercial Refining Company at the time the plaintiff was hurt; that the Commercial Refining Company took charge of the work on the 15th, about eight days after the plaintiff was hurt, and did not have anything to do with the operation of the lease until after January 15. That evidence was sufficient to establish the fact that the appellants were operating the property, and compelled the overruling of their demurrer to the plaintiff's evidence.

But the appellants argue that they had been divested of their interest in the property at the time the plaintiff was injured, by a sale of their rights therein to L. C. Riley and C. C. Whittaker under a written contract dated October 16, 1916, but which, it is contended by the plaintiff, and there was evidence to support that contention, did not take effect until after the plaintiff was injured. There was also evidence which tended to show that the Commercial Refining Company was operating the lease and paying the bills at that time. A question was thus presented on conflicting evidence, and on a demurrer thereto, the evidence most favorable to the plaintiff must be considered and the other be disregarded. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.) Under all the evidence the jury could have found that the appellants were operating the lease, or could have found that they were not, but that it was being operated by the Commercial Refining Company. The finding of the jury on that evidence is necessarily conclusive.

2. Another question argued by the appellants is that the evidence showed that the plaintiff was working for Lawrence Spencer, who the appellants claim was a subcontractor, and that therefore Lawrence Spencer was liable to the plaintiff for compensation. Lawrence Spencer testified in substance that he was working as manager of a casing crew known as the Santa Fe casing crew; that the plaintiff and four other men constituted the crew; that he collected for them, and generally got the gang together; that he got labor hire and five cents on the dollar for collecting; that the men paid him out of their

salaries; that he called whomsoever he wanted to go; that they were working for the lease owner; that he got the checks cashed and then divided up the money at times, and at other times the members of the crew were paid individually; and that in this particular instance he was given the check for the whole crew. That evidence does not establish that Lawrence Spencer was a subcontractor; it does establish that he acted for his four companions; that they worked together; and that part of the time he received the wages for all and divided them. The court was compelled to overrule the demurrer of the appellants to the evidence of the plaintiff so far as this question was concerned, and the jury was justified in finding from the evidence that the plaintiff was not working for himself or for Lawrence Spencer, but was working for the appellants.

Even if the plaintiff was working for a subcontractor when he was injured, section 5898 of the General Statutes of 1915 fixes on the appellants liability for compensation to the plaintiff. That section in part reads:

"Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, references to the principal shall be substituted for references to the employer, except the amount of compensation shall be calculated with reference to the earnings of the workmen under the employer by whom he is immediately employed."

3. The appellants in their brief state that—

"It was sought by the defendants in the trial of this case to establish the fact that this plaintiff, being the manager of the Santa Fe casing crew, was responsible for the injuries of the men whom he employed, being a subcontractor. The evidence showed that the plaintiff hired these men and paid their salaries, and supplied new men when needed."

The court is unable to ascertain that this statement corresponds with the evidence as abstracted. That evidence shows that the plaintiff was hired substantially as has been set out.

The judgment is affirmed.