No. 34,875

B. E. JENNINGS, *Appellant*, v. THE KANSAS POWER & LIGHT COMPANY, *Appellee*.

(105 P. 2d 882)

Opinion filed October 5, 1940.

*James L. Galle,* of McPherson, *William J. Wertz, Vincent F. Hiebsch, Forest V. McCalley, Milton Zacharias,* all of Wichita, and *J. M. Hill,* of Tulsa, Okla., for the appellant.

*James A. Cassler, L. H. Ruppenthal,* both of McPherson, *Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey, Robert E. Russell,* all of Topeka, and *H. Lloyd Ericsson,* of Salina, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff commenced an action in the district court to recover for damages alleged to have been sustained by reason of defendant's negligence. The defendant filed a motion that the action be dismissed for the reason that plaintiff's cause of action, if any, arose solely under the workmen's compensation act and the court was without jurisdiction in the premises. The trial court treated the motion as a demurrer and sustained it, and the plaintiff appeals.

Our statement of the allegations of the petition is limited to those showing whether the allegations of the petition disclosed that plaintiff stood in the relation of an employee of the defendant with his rights limited to an action for compensation, or whether he was an employee of another and dissociated employer and as such entitled to maintain the action against defendant as a negligent third party.

It was alleged that on the date of the accident the defendant corporation was the owner and in control of an oil and gas lease on the Finkle farm and that it had producing wells pumping both oil and gas; that it was the owner and had control of the gas produced and that it had equipment for transporting the same; that there was a roadway leading to a boiler house and at the place where the accident occurred the roadway passed between a meter house and a slush pond. Details of the alleged negligence need not be noted. It was further alleged that prior to the date of the accident a predecessor of the defendant corporation entered into contracts with a predecessor of the Shell Petroleum Corporation with reference to the drilling of oil and gas wells on the Finkle lease and that under those contracts the defendant corporation was operating the lease for gas and the Shell Petroleum Corporation was operating for oil, and that the defendant corporation maintained the above-mentioned road for the use of both corporations.

It was further alleged that on February 24, 1937, plaintiff was an employee of the Shell Petroleum Corporation and was directed by his boss to get into a truck driven by one Bittle, an employee of the Churchill Boiler & Welding Works and to show Bittle the way and the road to the boiler house. On the way the accident occurred

near the meter house and through the alleged negligence of the defendant in the maintenance of the road and equipment, plaintiff suffered injuries for which he sought damages.

Appellant directs our attention to the rule that as against a demurrer he is entitled to have his petition liberally construed, and he argues that under his allegations the defendant corporation was operating the lease for gas and the Shell was operating it for oil and the two were independent of each other. In that connection, he directs our attention to *Bittle v. Shell Petroleum Corp.*, 147 Kan. 227, 75 P. 2d 829, which arose out of the same accident, and argues that it having been held in that case the Churchill Boiler & Welding Works was an independent contractor so far as the Shell Petroleum Corporation was concerned, by the same reasoning the Welding Works was an independent contractor so far as the present appellee is concerned, and that he, having no connection either with the welding works or the appellee, would not be considered an employee of the appellee. The Bittle case was decided on the facts of that case. We are now concerned only with the allegations of plaintiff's petition which may not be supplemented with what were found to be facts in another case to which the appellant and appellee now before us were not parties.

In *Echord v. Rush*, 124 Kan. 521, 261 Pac. 820, it was held that:

"The remedies provided by the workmen's compensation law are exclusive when the workman and his employer are operating under that law and the injury complained of is one within its purview.

"The workmen's compensation law has no application if the parties are not operating under it, or if the injury complained of is not within its provisions." (Syl. ¶¶ 1, 2.)

And the sole question now presented is whether under the allegations of his petition, appellant stood in the relation of an employee of the appellee, and therefore is compelled to have such relief as he may be entitled to under the terms of the workmen's compensation act. (See, also, *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 298, 98 P. 2d 456.)

Although there are no allegations with respect to the number of workmen employed by appellee, under G. S. 1935, 44-507, the workmen's compensation act applies to mines without regard to the number of workmen employed, and under G. S. 1935, 44-508 (c), a mine is defined to include "any opening in the earth for . . . prospecting for and obtaining petroleum and natural gas." Under

subsection (*h*) of the last section, in defining "employer," is the following:

"And when any mine . . . covered by the provisions of this act in which work is being or to be performed, is leased or let to any lessee or lessees under any form of contract or agreement other than on a royalty basis, then and in all such cases the lessee or lessees and the lessor or lessors shall be deemed to be operating said mine . . . as employers jointly."

The trial court concluded the allegations of the petition disclosed a situation making the above provision of the statute applicable.

Without following the details as to transfers of interests now resting in the appellee and the Shell Petroleum Corporation, it is alleged in the petition that appellee is the lessee of an oil and gas lease and entered into contracts with the Shell Petroleum Corporation for drilling wells; that there are wells producing oil and gas, the appellee operating the wells for gas and the Shell Petroleum Corporation operating the wells for oil. Allegations about the equipment need not be reviewed further than to restate the allegation the appellee maintained for the use of itself and the Shell Petroleum Corporation the road on which the accident occurred. These allegations disclose there was a contractual relation between appellee and the Shell Petroleum Corporation and that they jointly used at least a part of the facilities on the leasehold. In his petition, appellant, after alleging the contracts existed, asked that appellee be compelled to attach copies to its answer. He now urges on consideration of the demurrer that as those contracts were not disclosed by answer, the trial court was not in a position to find the contracts existed. Assuming that such a contention might be otherwise sustained, it cannot avail here for, notwithstanding appellant's pleaded request, he pleaded further that under those contracts the Shell Petroleum Corporation operated on the lease for oil, the appellee operated for gas and the appellee operated the road for the benefit of both, all of those conditions obtaining on the day the accident occurred.

The petition disclosed this situation. Appellee owned a leasehold. The contracts granted rights in the lease to the Shell Petroleum Corporation. As between the two corporations, the appellee was the lessor and the Shell Petroleum Corporation was the lessee. There was no allegation the agreement by which the Shell Petroleum Corporation operated was on a royalty basis. Lacking such an allegation, the statute applied, with the necessary conclusion that as to the appellant the two corporations were operating the lease "as employers jointly."

Even if the above statute did not apply, it would not follow the appellant could maintain the action. It clearly appears from the petition that appellee, as lessee of an oil and gas lease, undertook by contract to have its wells drilled by another, and that after wells were produced, appellee operated them for gas and Shell Petroleum Corporation operated for oil, the two using the facilities of the lease jointly for those purposes. Just how far the work had proceeded, whether the drilling was entirely completed, and the relation of the roadway, gas mains, etc., to the development is not clearly disclosed by the petition. It does appear that appellee as principal had contracted with the appellant's employer to perform work which appellee had undertaken. Under such circumstances, by reason of G. S. 1935, 44-503, appellee was liable to pay to the workman employed any compensation which it would have been liable to pay if the workman had been immediately employed by it. The allegations of the petition disclose a situation where appellant was under the workmen's compensation act insofar as Shell Petroleum Corporation was concerned, and it follows by reason of the contract between that corporation and the appellee, he was under the same act insofar as appellee was concerned. That being true, appellant could not maintain a common-law action for damages for negligence. He must find his relief under the workmen's compensation act.

The ruling of the trial court is affirmed.