No. 36,079

LEANDER NORTHINGTON, *Appellant*, v. HATTIE NORTHINGTON, *Appellee.*

(149 P. 2d 622)

Opinion filed June 10, 1944.

*Justus N. Baird,* of Kansas City, argued the cause for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

HOCH, J.: This is an appeal from an order vacating a decree of divorce. Appellant contends that the trial court had no power to vacate the judgment.

Leander Northington brought action in Wyandotte county for divorce from Hattie Northington on the ground of abandonment. The defendant did not answer or otherwise plead. On November 6, 1942, divorce was granted. Among other and usual recitals the journal entry recites that evidence was heard, that there were no minor children of the plaintiff and defendant and that no property was involved in the action. On December 5, 1942, Hattie Northington filed a petition to set aside the decree of divorce. The petition being filed in the divorce action, the wife is hereinafter referred to as the defendant and the husband as the plaintiff. Northington filed his answer and hearing was held on June 1, 1943. There was no oral testimony by either side. The evidence

submitted by the defendant as part of the opening statement consisted of the files in the divorce action, including a copy of the summons and the sheriff's return showing personal service upon the defendant and also the files in a previous divorce action brought by the husband and in which a demurrer by the defendant to the evidence of the plaintiff had been sustained. At the close of the opening statement the plaintiff, appellant here, moved for judgment upon the opening statement and the pleadings. The motion was taken under advisement and on November 6, 1943, exactly one year after the divorce had been granted, the motion was overruled, the decree of divorce was vacated, and the defendant given thirty days in which to answer. There was no motion for a new trial. On November 12, 1943, appeal was taken from the order vacating the decree and from the order overruling the motion for judgment on the opening statement and the pleadings.

The appeal was submitted here upon abstract, brief, and oral argument of appellant. Appellee filed no counter abstract or brief and made no oral argument.

It is clear, at the outset, that the trial court had no inherent power to vacate the judgment, the term at which such judgment was entered having expired. The judgment was entered on November 6, 1942, within the September term. Action on the petition to vacate was not taken until November 6, 1943. It is true that the petition to vacate the judgment was filed and summons issued on December 5, 1942, which was the last day of the September, 1942, term, but no continuance was granted on other action taken by the court during the term.

Defendant predicated her right to have the divorce decree vacated upon the provisions of G. S. 1935, 60-3007, Fourth clause, which provides that "the district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made; . . . for fraud, practiced by the successful party in obtaining the judgment or order.".

As already noted, there was no motion for a new trial. Trial errors—unless constituting appealable orders—would therefore not be here for review. However, we have many times said that a motion for judgment on the pleadings is to be regarded as a demurrer, treating it as admission of all facts well pleaded by opposing parties and leaving no issue of fact to be determined. (Among recent cases, *Ewing v. Pioneer Nat'l Life Ins. Co.*, 158 Kan.

371, 374, 147 P. 2d 755; *Cole v. Thacker,* 158 Kan. 242, 252, 146 P. 2d 665; *Dixon v. Fluker,* 155 Kan. 399, 402, 125 P. 2d 364; *Pennington v. Kross,* 154 Kan. 667, 121 P. 2d 275; *Russell v. Bovard,* 153 Kan. 729, 733, 113 P. 2d 1064; *School District v. Community High School,* 146 Kan. 380, 381, 69 P. 2d 1102.) Being tantamount to a demurrer, ruling on the motion is appealable under the statute. (G. S. 1935, 60-3302, *Second.*)

The same rule has been applied to motions for judgment on the pleadings and the opening statement. While the opening statement is not regarded as necessarily a complete recital of the facts upon which the party relies, statements which are understandingly and completely made of facts which will preclude recovery or defense are binding and constitute grounds for judgment. (Some recent cases: *Ryan v. Ryan,* 156 Kan. 348, 133 P. 2d 119; *Speer v. Shipley,* 149 Kan. 15, 17, 85 P. 2d 999; *Bixman v. Bixman,* 148 Kan. 597, 83 P. 2d 639; *Caylor v. Casto,* 137 Kan. 816, 22 P. 2d 417.)

We now examine the facts as alleged in defendant's petition or admitted in the opening statement, on the question of fraud in procuring the judgment and decree of divorce. The allegations of the petition may be summarized as follows: The plaintiff had previously filed an action for divorce, which action had been tried in March, 1942, and in which a demurrer to his evidence had been sustained; that thereafter, in September, 1942, "unbeknown to the petitioner herein" he had filed a second divorce action in the same court and that neither the petitioner nor her attorney had any actual knowledge of the filing of such second action and that both of them believed and had a right to believe that the controversy had been settled by the judgment in the prior action; that the petitioner "did not learn of said divorce (in the second action) or that said numbered action had ever been filed" until after the decree had been entered; the filing of the second action "was a fraudulent attempt on the part of the plaintiff, Leander Northington, to gain an advantage over and above the provisions of the law." In the petition it was further alleged that the judgment was "void for the further reason that said Leander Northington well knew that Ed Rooney, Jr., the attorney for Hattie Northington, was in the armed services of the country and not able to represent her further and that the judgment in the cause of action . . . is *res judicata* by reason of the previous judgment," etc.

Disregarding such allegations as are clearly conclusions and there-

fore not admitted by demurrer, the only allegations of fact going to the question of fraud in securing the judgment are that the second action was filed without the defendant's knowledge, that neither she nor her attorney knew that such an action had been filed until after the decree had been entered. Clearly the allegation that the second action was a fraudulent attempt to gain advantage was not only a mere conclusion but rested solely upon the premise that knowledge as to the second action had been kept from the defendant. Likewise the allegation that her attorney was in the armed services and unable to represent her was based upon the same allegation as to lack of knowledge. Moreover, the inability of a litigant to be represented by a particular attorney constitutes, in itself, no grounds upon which to predicate fraud.

As already noted, there was no oral testimony by either party. The only pleadings were the petition and the answer. If the motion for judgment had been upon the pleadings alone it might be said that fraudulent securing of the divorce had been sufficiently alleged to withstand demurrer. But in the opening statement counsel for defendant admitted away the material allegations of the petition as to fraud. He admitted that the defendant had knowledge of it when the petition was filed, that she personally had been served with summons, and that she took the summons to her attorney, Mr. Rooney. Counsel not only admitted that summons had been personally served but introduced the summons with sheriff's return showing personal service upon the defendant. Certainly under such a situation it cannot be said that the allegations of the petition and the statement of counsel present an issue of fact and that the trial court was free to believe the petition and disbelieve the counsel. The statements of counsel can only be regarded as a repudiation of the only substantial allegation of fact upon which fraud could be predicated and an admission which precluded the relief sought. We must conclude that the pleadings as modified by the opening statement stated no grounds of fraud, under the statute, to justify vacating the judgment, and that the motion for judgment should have been allowed.

One matter remains for brief attention. In the petition to vacate it was averred that the decree of divorce was void because the judgment in the former divorce action made the issue *res judicata*. In the petition to vacate, the two divorce actions were referred to by number and the files in both cases were introduced in evidence

by counsel for defendant as part of his opening statement. While perhaps we may not rely—in passing on the motion for judgment—upon statements of fact in the answer of the plaintiff, it was stated in the answer that in the first action the grounds alleged for divorce were gross neglect of duty, extreme cruelty, and abandonment, while the ground alleged in the second action six months later was abandonment. On the question of abandonment for one year the issue is obviously not *res judicata* in an action six months after a former action. In any event there is no allegation of facts in the petition which could be said to make the issue *res judicata*.

It follows from what has been said that the court below erred in overruling the motion for judgment on the pleadings and the opening statement. The judgment must be reversed. It is so ordered.

HARVEY, J., dissents.