No. 37,094

JOHN W. CRAWFORD, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, C. D. SMITHERMAN, L. C. SMITHERMAN, *Appellants,* and HARRY CHISLER.

(199 P. 2d 796)

Opinion filed November 30, 1948.

*Wayne Coulson,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Paul R. Kitch, Manford Holly,* and *Dale M. Stucky,* all of Wichita, were with him on the briefs for the appellants.

No appearance was made for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was a common-law action for damages for personal injuries alleged to have resulted from the negligence of defendants. The appeal is from an order of the court overruling the motion of the defendant, L. C. Smitherman, for judgment on the pleadings. Although notified of the setting of this case and its submission to the court upon the abstract, brief and argument of appellant, counsel for appellee have made no appearance in this court.

The pleadings may be summarized as follows: The petition al-

leged that the defendant railway company is a common carrier by rail engaged in interstate commerce and owned, operated and maintained railroad tracks and rights of way, with fills, embankments, depots, bridges and culverts, and rails and·ties between the cities of Hillsboro and Lehigh in Kansas; that shortly prior to June, 1945, the railway company entered into a contract with the defendants, C. D. and L. C. Smitherman, whereby they agreed to furnish workmen, tractors, graders and other machinery to be used, by the railway company in grading, ditching and repairing the tracks, roadbed and right of way between the cities above mentioned, the work to be done under the supervision and control of named agents of the railway company; that on June 13, 1945, C. D. and L. C. ·Smitherman orally employed plaintiff as a tractor driver in repairing the track and ditching and moving dirt on the right of way, and that the work should start the next morning; that it was a part of the agreement that until plaintiff could obtain living quarters in Hillsboro or Lehigh the contractors would furnish him transportation by automobile from his home in El Dorado to the place where the work was to be performed and return him to his home each evening, and that he would be paid one dollar per hour, figured on the basis of the time he left El Dorado to go to his place to work and the time he returned home in the evening; that the defendants, C. D. and L. C. Smitherman, informed plaintiff that they had procured one Harry Chisler to transport plaintiff by automobile to and from El Dorado and to work; that on the morning of June 14, 1945, Harry Chisler came to plaintiff's home at about 5:30 o'clock and took plaintiff in his automobile and drove plaintiff to Lehigh, a distance of about sixty miles, where Chisler so negligently handled the automobile that plaintiff was seriously injured. For these injuries he prayed for a substantial sum in damages.

The defendant L. C. Smitherman filed a separate answer in which he alleged that at all times mentioned in the petition he had on file with the workmen's compensation commission an election to come within the provisions of the workmen's compensation law, a copy of which was attached to his answer; that the work in which he was engaged at the time of plaintiff's injury was engineering work, as that term is used in G. S. 1935, 44-508, and that by reason thereof any cause of action which plaintiff might have against this defendant arising out of the collision mentioned in the petition was one arising under the workmen's compensation act, and that the court had no jurisdiction of the subject matter of plaintiff's action against

this defendant. The election to come within the provisions of the workmen's compensation act was signed by Leon C. Smitherman and recited that he "is an employer of labor, and is engaged in the business of Building of Ponds, etc. in the State of Kansas." This was received by the workmen's compensation commissioner and filed on March 14, 1944.

To this answer plaintiff filed a reply in which it was said that: "He admits that the defendant, L. C. Smitherman, on or about March 14, 1944, filed with the commissioner of workmen's compensation of the state of Kansas his election to come within the provisions of the workmen's compensation law of the state of Kansas, and that on the 14th day of June, 1945, said election was in full force and effect." The reply contains a general denial to other allegations of the answer and specifically denied that L. C. Smitherman was engaged in engineering work on June 14, 1945.

The motion of L. C. Smitherman for judgment on the pleadings was argued to the court, taken under advisement and denied. The appeal is from that ruling.

We think appellant's motion for judgment should have been sustained. The work to be done, as outlined in plaintiff's petition, was engineering work as defined by our statute (G. S. 1935, 44-508 [g]). Irrespective of that, appellant was privileged to file an election to come under the workmen's compensation act (G. S. 1935, 44-505) without regard to the number of his employees. (G. S. 1935, 44-507.) Since plaintiff's employment commenced from the time he left home the accident resulting in his injury happened in the course of his employment, and there is no suggestion that it did not arise out of the employment. Highway accidents have been held to be compensable when the work of the employee requires use of the highway. (See *Kennedy v. Hull & Dillon Packing Co.*, 130 Kan. 191, 285 Pac. 536; *Woods v. Jacob Dold Packing Co.*, 141 Kan. 363, 41 P. 2d 748, and cases there cited.) Where the injury is compensable under the workmen's compensation law a common-law action for damages will not lie. (See G. S. 1935, 44-501; *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, 167 P. 2d 613; *Duncan v. Perry Packing Co.*, 162 Kan. 79, 174 P. 2d 78, and authorities there cited.)

The judgment of the trial court should be reversed with directions to sustain appellant's motion for judgment on the pleadings. It is so ordered.