Harry L. COE, Appellant,

v.

**HELMERICH & PAYNE, INC., Appellee.**

**No. 7547.**

United States Court of Appeals
Tenth Circuit.

Aug. 17, 1964.

Rehearing Denied Aug. 27, 1965.

Joseph P. Jenkins, Kansas City, Kan., (Joseph Cohen, Charles S. Schnider and John E. Shamberg, Kansas City, Kan.,

1

**2**

were with him on the brief), for appellant.

J. Donald Lysaught, Kansas City, Kan. (Lee E. Weeks, Leonard O. Thomas, Richard Millsap, Robert H. Bingham and Ervin G. Johnston, Kansas City, Kan., were with him on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

■■ Appellant-plaintiff was injured in an explosion of an oil storage tank and sought recovery of resultant damages in a common law action of negligence filed in the District of Kansas, naming appellee as defendant. Holding that plaintiff's exclusive remedy was limited to that provided by the Kansas Workmen's Compensation Act, Kan.Gen.Stat., section 44–501 et seq., the trial court granted defendant's motion for summary judgment. Upon appeal the pivotal question remains whether under all the undisputed facts and circumstances of plaintiff's employment he was a statutory employee of defendant under section 44–503 [1] of the Kansas Act and consequently suffered compensable injuries. If recovery under the Act is proper, such remedy is exclusive, Lessley v. Kansas Power & Light Co., 171 Kan. 197, 231 P.2d 239, and the judgment of the trial court is correct.

The facts are not in dispute. Defendant is engaged in the business of operating oil leases, developing oil and gas leases, drilling and pumping operations, and the storing of oil in tanks pending sale of the oil. The company had several such storage tanks near Garden City, Kansas, where it stored oil prior to delivery to a pipeline company. When oil is so stored, sediment gradually accumulates upon the tank floor, and when it reaches a depth of approximately eight inches the purchaser requires the tank to be cleaned as a condition to further acceptance of oil from the particular tank. Defendant (and others in the industry) did not use its own employees to clean its storage tanks but contracted the work out to various contractors familiar with and equipped to do the job.

During October, 1960, defendant's tank number 246 required cleaning and defendant engaged one Donald W. Edwards to perform the work. Edwards was a contractor authorized to do such work at rates approved by the Kansas Corporation Commission. On October 21, Edwards sent a crew of his employees to the site of tank 246, one of whom was plaintiff. When plaintiff attempted to remove the tank's access plate, a violent explosion occurred and plaintiff was severely injured. Both plaintiff's immediate employer, Edwards, and the defend-

1. This section reads:
"(a) Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then in the application of this act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed. * * * (c) Nothing in this section shall be construed as preventing a workman from recovering compensation under this act from the contractor instead of the principal. (d) This section shall not apply to any case where the accident occurred elsewhere than on, in or about the premises on which the principal has undertaken to execute work or which are otherwise under his control or management, or on, in or about the execution of such work under his control or management."

ant were operating under the Kansas compensation act.

■ Whether under these circumstances plaintiff was a statutory employee of appellee within the mandate of section 44–503 of the Kansas compensation act should find determination in the case law of that state. However, our examination of the many cases decided by the Kansas Supreme Court which involve interpretation of the statutory section lends little comfort for we are unable to find a consistent and continuing emphasis upon those factors deemed decisive in particular cases. In Purkable v. Greenland Oil Co., 122 Kan. 720, 253 P. 219, an oil company had contracted for the erection of a derrick on leased oil land. During the construction of the derrick one of the contractor's workmen was fatally injured, and the workman's widow brought a claim for workmen's compensation against the oil company. The court held that, although the contractor was an independent contractor, since building the derrick was a part of the oil company's business, or necessarily incidental thereto, under section 44–503 the workman was a statutory employee of the oil company and covered by the workmen's compensation statutes. The reasoning in Purkable seems generally applicable to some later cases: See Wells v. Eagle-Picher Mining & Smelting Co., 148 Kan. 794, 85 P.2d 22; Bailey v. Mosby Hotel Co., 160 Kan. 258, 160 P.2d 701; but inapplicable to others: See Bittle v. Shell Petroleum Corp., 147 Kan. 227, 75 P.2d 829; Truhlicka v. Beech Aircraft Corp., 162 Kan. 535, 178 P.2d 252; Waterbury v. Riss & Co., 169 Kan. 271, 219 P.2d 673.

In Lessley v. Kansas Power & Light Co., 171 Kan. 197, 231 P.2d 239, the Kansas Supreme Court recognized the contention that its decisions were not in complete harmony, but the court refused to "labor those decisions" and did not specifically overrule any of them. However, the court held that an employee of an independent contractor who was injured in an explosion while constructing additional electrical production facilities upon the premises of the Kansas Power & Light Co. was a statutory employee of that utility. The court there stated:

"A careful examination of the foregoing decisions makes it crystal clear that under the facts of the instant case, in determining the rights of the parties under the provisions of section 44–503 at the time appellant sustained his injuries, questions relating to whether (1) the original contract under which appellant was working was general in nature, (2) his immediate employer or the original contractor were independent contractors engaged in specialized work, (3) the appellee possessed adequate facilities to carry on the work covered by terms of the contract, (4) the extent of control retained over the work or workmen required for performance of its requirements or (5) other matters similar in character are of little consequence. In the final analysis the acid test to be applied is whether the work contracted to be done was a part of appellee's trade or business. If it were, and the rule announced in such decision is still the law, the parties were subject to the compensation act."

And see Durnil v. Grant, 187 Kan. 327, 356 P.2d 872.

But a still later case, Henderson v. Sutton's Food City, Inc., 191 Kan. 145, 379 P.2d 300, denies statutory employee compensation to a direct employee of an independent contractor injured while en route to the appellee's grocery store for the exclusive purpose of picking up the store's trash. The Kansas court here placed emphasis upon the fact that the injured person was not performing work ordinarily done by the appellee's direct employees and was injured off the premises.

■■ In the case at bar it is admitted that the cleaning of the storage tanks was a necessary and continuing function of defendant's business but one not performed by defendant's direct employees. The injury occurred on defendant's premises. Since the proper application of

these facts finds no completely convincing solution in the adjudicated Kansas cases, we accept the trial judge's interpretation upon a matter of purely local law. Bartch v. United States, 10 Cir., 330 F.2d 466; Cliborn v. Lincoln Nat. Life Ins. Co., 10 Cir., 332 F.2d 645, decided June 1964. Such judgment is in accord with numerous pronouncements of the Kansas Supreme Court and furthers that state's general policy of liberally construing the compensation act to allow coverage whether invoked by the workman or the statutory employer. Bright v. Bragg, 175 Kan. 404, 264 P.2d 494.

The judgment is affirmed.