**Raymond ERAVI, Plaintiff,**

v.

**KOPPERS COMPANY, Inc., Defendant.**

**Civ. A. No. KC–3381.**

United States District Court,
D. Kansas.

March 3, 1972.

Murvyl M. Sullinger, Pittsburg, Kan., James D. Howell, Jr., Overland Park, Kan., for plaintiff.

Ronald C. Newman, of Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., for defendant.

## MEMORANDUM OPINION

O'CONNOR, District Judge.

Plaintiff brings this common law tort action for damages for injuries received on December 17, 1970, at the plant of the Lone Star Cement Company near Bonner Springs, Kansas. At that time, plaintiff was an iron-worker employed by Welco Metals, Inc., and the defendant was the general contractor in charge of erecting certain pollution-control devices at the Lone Star plant. Plaintiff was injured when a scaffolding board fell on him as the result of the alleged negligence of some of defendant's employees.

The question presented for the court's determination is whether plaintiff is a statutory employee of the defendant under the terms of the Kansas Workmen's Compensation Statute. (K.S.A. 44–503, Subcontracting.) More specifically, the court is asked to rule upon:

(1) Plaintiff's motion to strike the defense of workmen's compensation as the exclusive remedy; and

(2) Defendant's motion for summary judgment based on the same ground.

From the pleadings, affidavits, and admissions, the following facts appear to be undisputed:

(1) The defendant contracted to install certain pollution-control devices at the Bonner Springs, Kansas, plant of Lone Star Cement Company.

(2) At the time the plaintiff was injured, he was an employee of Welco Metals, Inc.

(3) Welco Metals, Inc., was a subcontractor of Armstrong Contracting & Supply Company (hereafter A. C. & S.) and was required under the contract with A. C. & S. to put a sheet metal covering over insulation for the precipitators the defendant was installing.

(4) A. C. & S. was a subcontractor of the defendant. The subcontract between Welco Metals, Inc., and A. C. & S. was for the performance of certain work which A. C. & S. had contracted with the defendant to perform and was an integral part of the installation of the precipitators.

(5) Welco Metals, Inc., was also a subcontractor of the defendant, responsible for erecting a weather enclosure, a Butler building, on the roof of the precipitators.

It would appear that there is some dispute about whether plaintiff's injuries occurred at a time when he was working under Welco's contract with A. C. & S. or under Welco's contract with the defendant. For the purposes of the motion under consideration, the court will consider the facts in the most favorable light to the plaintiff, i. e., that plaintiff was working under Welco's contract with A. C. & S. The question then is whether the provisions of K.S.A. 44–503 extend coverage to the employee of a remote subcontractor.

In a case where the principal was twice removed from the injured work-

man, the Kansas Supreme Court has held that the provisions of K.S.A. 44–503 were applicable. Lessley v. Kansas Power & Light Co., 171 Kan. 197, 231 P.2d 239 (1951). The defendant Kansas Power & Light Co., had contracted with two principal contractors to install four turbines in their Tecumseh generating plant. The principal contractors subcontracted part of the work to Daugherty Company, Inc. Plaintiff, an employee of Daugherty, was injured when two violent explosions ripped through the defendant's plant. The Supreme Court held that:

". . . the trial court ruled correctly in holding that under the facts disclosed by all the pleadings appellant and appellee were subject to the Workmen's Compensation Act and that appellant's sole and exclusive remedy was that provided for by its terms." (p. 208, 231 P.2d p. 247)

The Kansas Court has firmly established the rule that the Workmen's Compensation Act is to be liberally construed to effectuate its purposes. Bailey v. Mosby Hotel Co., 160 Kan. 258, 160 P.2d 701; Lessley v. Kansas Power & Light Co., *supra*. One of the prime purposes of Section 44–503 is "to give to employees of a contractor who has undertaken to do work which is a part of the trade or business of the principal, such remedy against the principal as would have been available if they had been employed directly by the principal, and to prevent employers from evading liability under the Act by the device of contracting with outsiders to do work which they have undertaken to do as a part of their trade or business." Hoffman v. Cudahy Packing Co., 161 Kan. 345, 167 P.2d 613; Atwell v. Maxwell Bridge Co., 196 Kan. 219, 409 P.2d 994; Hanna v. CRA, Inc., 196 Kan. 156, 409 P.2d 786. In order to effectuate the avowed purpose of the statute, this court is constrained to hold that an employee of a remote subcontractor comes within the ambit of Section 44–503.

The general rule regarding employees of remote subcontractors is well stated in 99 C.J.S. Workmen's Compensation § 107, p. 365:

"Provisions imposing liability for compensation on a statutory employer are not limited to employees of a contractor standing in immediate contractual relation with the original contractor. They extend to employees of subcontractors of any degree, provided such subcontractors have a lawful right or duty to engage in the business undertaken by the original contractor, and even though the subcontractor has the status of an independent contractor."

Upon the facts as construed most favorable to the plaintiff, this court holds that his exclusive remedy is under the Kansas Workmen's Compensation Act, and he is barred from maintaining the present action. Plaintiff's motion to strike is denied. Defendant's motion for summary judgment is sustained. It is so ordered.