Arthur HICKMAN, Plaintff-Appellant,

v.

Floyd L. FAIRLEIGH et al., Defendants-Third-Party Plaintiffs-Appellees,

v.

Lee GREEN, Third-Party Defendant-Appellant.

Nos. 71–1229, 71–1399.

United States Court of Appeals, Tenth Circuit.

May 26, 1972.

Gerald Sawatzky, Wichita, Kan. (Robert C. Foulston and Robert M. Siefkin, of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., with him on the brief), for third-party defendant-appellant, Lee Green.

John D. Williams, Lamar, Colo. (Johnson & McLachlan, Lamar, Colo., with him on the brief), for plaintiff-appellant, Arthur Hickman.

Donald Patterson, Topeka, Kan. (Wallace & Brantley, Scott City, Kan., Williams, Larson, Voss & Strobel, Dodge City, Kan., and Fisher, Patterson, Sayler & Smith, Topeka, Kan., with him on the brief), for defendant-third-party plaintiff-appellee, Floyd L. Fairleigh.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

*No. 71–1229.*

This is an action for damages resulting from personal injuries suffered by plaintiff Hickman through the alleged negligence of defendant Fairleigh and a corporate defendant Hoover Electric, not involved in this appeal. The case reaches us as a final judgment entered under Rule 54(b) in the form of a summary judgment granted by the District Court for the District of Kansas in favor of Fairleigh and against Hickman. The trial court determined that under the undisputed facts Hickman was a statutory employee of Fairleigh, subject to an award for workmen's compensation under Kansas law,[1] and thus could not

---

1. KSA 44-503 provides

Subcontracting. (a) Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work

maintain a common law action for damages. Hacker v. Brookover Feed Yard, Inc., 202 Kan. 582, 451 P.2d 506. Hickman appeals from this portion of the court's judgment.

■ Fairleigh is the owner-operator of a feed yard and mill which was originally constructed in 1963 by a contractor under a set fee contract. In 1966 an extension to the feed mill was constructed by the third-party defendant Green who furnished the labor to install materials furnished by Fairleigh. In 1969 Fairleigh again extended the yard and mill through the efforts of his own employees and, when his employees could not do the work, by employing contractors. In the fall of that year Fairleigh engaged Green to do the labor on certain aspects of the expansion. During the performance of this work Hickman, a paid employee of Green, was injured when attempting to increase the capacity of an auger which had been installed a few weeks before.

Fairleigh and Green had no formal contract. Green furnished the labor and Fairleigh furnished the materials which Green helped to select. Fairleigh gave Green a rough and general plan for what he wanted accomplished but did not direct nor supervise the labor work. Green paid his employees, including Hickman, directly and then billed Fairleigh for those wages plus insurance expenses and other set costs of labor paid by Green.

Hickman has recovered compensation benefits from his direct employer Green but had this remedy failed we entertain little doubt that a Kansas court would hold such remedy available to Hickman as a statutory employee of Fairleigh. The Kansas policy in such regard is very liberal, Bailey v. Mosby Hotel Co., 160 Kan. 258, 160 P.2d 701, and involves a case-by-case analysis of the nature of the work contracted for by the principal, here Fairleigh. Hacker v. Brookover Feed Yard, Inc., 202 Kan. 582, 541 P.2d 506. As we have earlier stated, Coe v. Helmerich & Payne, Inc., 10 Cir., 348 F.2d 1, and as the trial court recognized, this approach is not an easy one under the multitude of factual situations found in the Kansas cases. However, relying on the language contained in Hanna v. CRA, Inc., 196 Kan. 156, 409 P.2d 786, as noted,[2] and the cases of Lessley v. Kansas Power & Light Co., 171 Kan. 197, 231 P.2d 239; Hoffman v. Cudahy Packing Co., 161 Kan. 345, 167 P.2d 613; and Bailey v. Mosby Hotel Company, 160 Kan. 258, 160 P.2d 701, the trial court concluded that Hickman was a statutory employee of Fairleigh. We agree, for it seems clear that the subject work was going forward under a plan mutually developed by Fairleigh and Green and that Hickman's employment was so closely related both to Fairleigh's

undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then in the application of this act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed.

2. This court has laid down two rather definite tests by which to determine whether the work covered by a contract is part of the principal's trade or business, i. e., (1) is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's "trade or business" . . . 409 P.2d 786 at 789.

obligation to pay and to his usual business and employee activity that the injury was compensable under Hickman's status as a workman for Fairleigh.

This portion of the judgment is affirmed.

*No. 71–1399.*

■ This case is an independent interlocutory appeal taken by Green under 28 U.S.C. 1292(b). Green had been joined as a third-party defendant in the Hickman-Fairleigh action by the latter under a claim for indemnity from Green for any potential liability to Hickman. The essence of the claim-over was that Fairleigh's negligence was at most passive as it affected Hickman's injuries and that Green's negligence was active and primary. This appeal is from an order of the trial court refusing Green's motion for summary judgment against Fairleigh after the court's determination that Fairleigh was not liable to Hickman. The trial court had denied an earlier motion by Green for summary judgment and when renewed after adjudication of the Hickman-Fairleigh controversy the motion was again denied. The record gives us no aid as to reasoning of the trial court in this regard.

The parties have extensively presented to this court the general question of whether a claim for indemnity is cognizable under Kansas law for any liability found to exist in favor of Hickman and against Fairleigh. Such presentation would seem entirely proper as a protective appeal for either party but the question would appear to dissipate with the affirmance of the trial court's judgment in No. 71–1229. However, since the trial court denied summary judgment to Green *after* its determination in favor of Fairleigh and against Hickman we cannot consider the issue as mooted by our determination in No. 71–1229. In recognition of this Fairleigh makes the near-naked statement that his right to indemnity survives to cover litigation expenses, citing only Guidry v. Texaco, Inc., 5 Cir., 430 F.2d 781. The cited case involves a successful suit by the injured employee and is thus totally unpersuasive here. We are referred to no Kansas law, nor can we find any, that would negate Green's right to summary judgment after Fairleigh's lack of liability was determined in the main suit. This aspect of the court's judgment is reversed.