No. 48,061

Warren G. Woods, *Appellant,* v. Cessna Aircraft Company, Ronnie D. Lowe, and Joe G. Couch, *Appellees.*

(553 P. 2d 900)

Opinion filed July 23, 1976.

*Otto J. Koerner,* of Koerner & Elam, of Wichita, and *Randall H. Elam,* of the same firm argued the cause, and were on the brief for the appellant.

*Alvin D. Herrington,* of McDonald, Tinker, Skaer, Quinn and Herrington, of Wichita, argued the cause, and *Norman I. Cooley,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.:   This is an appeal in an action brought by War-

ren G. Woods (plaintiff-appellant) to recover damages for the wrongful death of his son, Steven Marsh Woods, an employee of Coonrod & Walz Construction Company, Inc. Steven's death resulted from injuries when he was struck by an aircraft owned by Cessna Aircraft Company and operated by two Cessna employees, Ronnie D. Lowe and Joe G. Couch. The Sedgwick County District Court granted summary judgment in favor of Cessna Aircraft Company, Ronnie D. Lowe and Joe G. Couch (defendants-appellees) finding the Kansas Workmen's Compensation Act provided the exclusive remedy for the appellant.

The question presented is whether the work of Coonrod & Walz Construction Company, Inc., an independent contractor, was necessarily inherent in and an integral part of Cessna Aircraft Company's trade or business so as to make Steven Woods, who was an employee of Coonrod, a statutory employee of Cessna under K. S. A. 44-503 (a) (now K. S. A. 1975 Supp. 44-503 [a] and thereby preclude his father from recovering in a wrongful death action against Cessna and two Cessna employees.

Cessna Aircraft Company (hereafter Cessna) is a large airplane manufacturer in Wichita. Ronnie G. Lowe and Joe G. Couch were Cessna employees at all times involved herein. Coonrod & Walz Construction Company, Inc., (hereafter Coonrod) is a large construction company in Wichita which employs union men in the various construction trades. Steven Woods was a college student employed part time by Coonrod as a timekeeper. His duties consisted of keeping track of Coonrod employees' work hours, bringing paychecks to workers on the construction sites and running errands.

Coonrod has often won bids to do construction work for Cessna. Over the years fifteen to twenty percent of Coonrod's construction work was performed at Cessna. On January 23, 1973, Coonrod had four construction contracts with Cessna. One contract was for the construction of a hangar with a 150 foot clear span for the Wallace Division of Cessna, manufacturer of Citation jet aircraft. Pertinent to this appeal, the contract provided Coonrod would maintain workmen's compensation and employer's liability insurance.

Steven Woods spent most of his time working at the Coonrod projects on Cessna's premises. On January 23, 1973, Steven brought payroll checks from Coonrod's downtown office to the Cessna construction site trailer. He then went outside. While standing on a Cessna taxiway Steven was struck by a Cessna airplane being

taxied by Ronnie D. Lowe and Joe G. Couch. He died on January 25, 1973.

Steven left neither widow nor surviving children. Warren G. Woods, Steven's father, is the sole surviving heir-at-law of the decedent. Warren sued Cessna, its employees, and the manufacturer and supplier of aircraft brake components for $50,000 for the wrongful death of Steven and for $4,218 for medical, hospital and funeral expenses and costs.

Cessna filed a motion for summary judgment after the issues were joined by the pleadings. The trial court considered deposition testimony, the contracts between Cessna and Coonrod and affidavits of Cessna's employees and sustained the motion for summary judgment. It found Coonrod's construction work was necessarily inherent in and an integral part of Cessna's business; that Steven was engaged in the execution of the work under Cessna's contract with Coonrod at the time of his death; that Ronnie D. Lowe and Joe G. Couch were employees of Cessna; and that Steven was a statutory employee of Cessna by virtue of K. S. A. 44-503 (a). Since Steven was a statutory employee of Cessna, the trial court held a wrongful death action could not be maintained. Appeal has been duly perfected.

The relative positions of the parties are apparent by noting the effect of the trial court's ruling. Because the decedent had no dependents, if the trial court is correct, K. S. A. 44-510b (a) (now K. S. A. 1975 Supp. 44-510b [i]) limits the recovery of a workman who dies without leaving any dependents to $750. Had the decedent left dependents, it is not inconceivable the parties may have taken legal positions directly opposite to those taken here. Nevertheless the same rule must govern a given set of facts whether invoked for the benefit of an employer or an employee. (Shuck v. Hendershot, 185 Kan. 673, 347 P. 2d 362; and Schafer v. Kansas Soya Products Co., 187 Kan. 590, 358 P. 2d 737.)

The trial court granted the appellees' motion for summary judgment. We have held that before summary judgment may be granted under K. S. A. 60-256 (c) the record must show that there remains no genuine issue as to a material fact; that when ruling on a motion for summary judgment, the district court must overrule the motion when any doubt exists whether there remains a genuine issue of material fact, and that the evidentiary material presented by the party opposing the motion must be taken as true and given

the benefit of all reasonable inferences. (*Thompson v. Anderson,* 209 Kan. 547, 555, 498 P. 2d 1, 55 A. L. R. 3d 710.)

With this background we now examine the appellant's claims, looking first to the exclusive remedy provided by the Workmen's Compensation Act. K. S. A. 44-501 (now K. S. A. 1975 Supp. 44-501) states in part:

". . . Save as herein provided, no such employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under this act. . . ."

It is well settled that if a workman can recover workmen's compensation under the Workmen's Compensation Act for an injury the remedy is exclusive, and he cannot maintain a common law action for damages founded upon negligence against a party from whom he could have recovered compensation under the Act. (*Anderson v. Beardmore,* 210 Kan. 343, 345, 502 P. 2d 799; *Hanna v. CRA, Inc.,* 196 Kan. 156, 158, 409 P. 2d 786; *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 203, 231 P. 2d 239, and authorities cited therein.)

The appellant attacks the constitutionality of this rule. He contends taking away a statutory remedy for wrongful death without providing some substitute remedy and benefit would be a denial of due process of law.

The appellant's brief argument cites no authority to support his position. Suffice it to say the Workmen's Compensation Acts of Kansas and other states have been upheld against similar due process attacks. (*Shade v. Cement Co.,* 93 Kan. 257, 144 Pac. 249; 81 Am. Jur. 2d, Workmen's Compensation, § 21, pp. 715-716; and 99 C. J. S., Workmen's Compensation, § 19e [1], pp. 74-75.)

In *Spade v. VanSickle,* 175 Kan. 557, 265 P. 2d 860, a workman died without dependents. The court held his mother, who filed a common law action for negligence against the employer, was not entitled to maintain the action. Recovery was limited to the Workmen's Compensation Act. (See also *Stonecipher v. Winn-Rau Corporation,* 218 Kan. 617, 545 P. 2d 317.)

The Workmen's Compensation Act is designed to provide broad coverage by covering employees of certain contractors and subcontractors. K. S. A. 44-503 (*a*) provides:

"Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of

the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him. . . ."

Since Cessna, as principal in this case, had undertaken by contract to have the construction work on its premises executed by an independent contractor, the only question we have for determination is whether Steven was a statutory employee of Cessna under 44-503 (*a*), *supra*.

In making this determination the court must consider the purpose of 44-503 (*a*), *supra*. In *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, 167 P. 2d 613, it was held:

"A prime purpose of section 44-503 of the workmen's compensation act is to give to employees of a contractor who has undertaken to do work which is a part of the trade or business of the principal, such remedy against the principal as would have been available if they had been employed directly by the principal, and to prevent employers from evading liability under the act by the device of contracting with outsiders to do work which they have undertaken to do as a part of their trade or business." (Syl. 4.)

(See also *Hanna v. CRA, Inc.* supra.)

The appellant contends since Cessna's contract with Coonrod required Coonrod to carry workmen's compensation and employer's liability insurance, that Cessna had contracted in avoidance of 44-503 (*a*), *supra*, and that the trial court erred as a matter of law in granting summary judgment to Cessna, who now claims they are a statutory employer under 44-503 (*a*), *supra*.

It is plain that Cessna could not by their agreement with Coonrod do away with liabilities imposed by operation of law even if Cessna desired to do so. (*Lessley v. Kansas Power & Light Co.*, supra at 209.) We attribute no legal significance to the contract between Cessna and Coonrod requiring Coonrod to maintain workmen's compensation and employer's liability insurance. This is not avoidance of liability, but rather allows the principal to insist upon the appropriate compensation protection for the contractor's employees. (1A Larson, Workmen's Compensation Law, § 49.11 [1973].)

The tests to be applied in resolving cases of this nature are set forth in *Hanna v. CRA, Inc.*, supra, where the court stated:

"This court has laid down two rather definite tests by which to determine whether the work covered by a contract is part of the principal's trade or business, *i. e.*, (1) is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) is the work being performed by the

independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

"If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's 'trade or business,' and the injured employees sole remedy against the principal is under the Workmen's Compensation Act." (pp. 159-160.)

(See also *Watson v. Dickey Clay Mfg. Co.*, 202 Kan. 366, 450 P. 2d 10.)

. The appellant argues both of these tests must be met. While there may be some overlapping under these tests, it is clear the alternative is contemplated.

Is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal? On the record here presented the evidence is inadequate to answer this question in the affirmative. Here there is no evidence to indicate that Cessna employees would ordinarily perform construction work. There is no evidence that Cessna employees have previously constructed any hangars, or that it has the necessary skilled employees and special equipment necessary to perform such construction work.

Is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business?

Whether an employee of an independent contractor engaged in construction work for a manufacturer is a statutory employee of the manufacturer under K. S. A. 44-503 (*a*), because his work is necessarily inherent in and an integral part of the principal's trade or business, is a question which has troubled both this and other courts. (See, 1A Larson, Workmen's Compensation Law, § 49.12 [1973].) Because of the closeness of the question, the facts and circumstances are important. (*Hanna v. CRA, Inc.*, supra at 159; and *Watson v. Dickey Clay Mfg. Co.*, supra.)

Cases which support the appellees' view include *Lessley v. Kansas Power & Light Co.*, supra (workman employed by subcontractor injured while erecting new power plant essential to the production, sale and transmission of electricity held a statutory employee of Kansas Power & Light); and *Purkable v. Greenland Oil Co.*, 122 Kan. 720, 253 Pac. 219 (employee of independent contractor erecting oil derrick held statutory employee of oil company engaged in developing mineral resources from leased land). But as indicated,

the facts and circumstances must be examined. These cases should be compared with two of our more recent Kansas cases.

In *Hataway v. Proctor & Gamble Manufacturing Co.*, 195 Kan. 335, 405 P. 2d 350, a labor foreman employed by a contracting company was injured by the negligence of a Proctor & Gamble fork lift operator during the construction of an extension or addition to Proctor & Gamble's Tide Department. The trial court held the injured foreman was a statutory employee under the Workmen's Compensation Act and sustained Proctor & Gamble's motion for summary judgment. That judgment was reversed on appeal by this court. Our prior decisions, and those from other states, were reviewed. It was concluded the record disclosed the construction of the Tide Building was not work which Proctor & Gamble employees would normally have done. The court stated that it was the construction company's business to construct the building for the Tide addition on the Proctor & Gamble plant, and it was the latter's business to operate the Tide addition after its erection. The *Lessley* case was distinguished on the grounds that the Kansas Power and Light Company was a public utility with the express power to build and construct power plants and powerhouses.

A second case is *Hanna v. CRA, Inc.*, supra. There a contract between a construction company and CRA, Inc., called for the construction of a metal building on the property owned by CRA, Inc., which operated a refinery plant. A workman employed by the construction company was injured while working on the metal building, allegedly due to the negligence of CRA, Inc. CRA's president submitted an affidavit which stated the building in question was to be used for the storage of barrels, cans and packages of oil pending the sale thereof in the regular course of CRA's refining business. The trial court sustained CRA's motion for summary judgment holding the injured workman's exclusive remedy was under the Workmen's Compensation Act. On appeal this court reversed, holding it might be possible to rule the construction of the building in controversy was not necessarily an integral part of and inherent in CRA's trade or business. This court in reversing remanded the case with instructions to receive evidence as to whether the construction of the building in controversy was a part of the appellee's trade or business.

Turning to the record here presented, the affidavits submitted on behalf of Cessna by E. Duane Stone, plant engineer at the Wallace

Division of Cessna, and R. D. Dickerson, general manager of the Wallace Division of Cessna, described the various construction projects between Coonrod and Cessna, stated that the Cessna Citation hangar was designed to be used for the storage and service of Citation jet aircraft and military aircraft, and concluded that all the work was necessarily inherent in and an integral part of the business of the Wallace Division of Cessna.

These affidavits, while using the "magic" words from *Hanna v. CRA, Inc.*, supra, are devoid of a factual basis to adequately explain the trade or business of the Wallace Division of Cessna and its relation to Coonrod. The deposition testimony suggests factual questions are unresolved and when construed against the movants requires that their motion for summary judgment be overruled. (*Hanna v. CRA, Inc.*, supra.)

While the record indicates fifteen to twenty per cent of Coonrod's business is with Cessna, nothing indicates what percentage of Cessna's construction business is with Coonrod. Ordinary construction work, such as building a factory structure, is considered outside the trade or business of a manufacturer or mercantile establishment. (See, 1A Larson, Workmen's Compensation Law, § 49.12 [1973]; 81 Am. Jur. 2d, Workmen's Compensation, § 128, p. 808; and 99 C. J. S., Workmen's Compensation, §§ 107-109.) But if the defendant is a business which by its size and nature is accustomed to carrying on a more or less ongoing program of construction, replacement and maintenance, perhaps even having a construction division, or which can be shown to have handled its own construction in the past, a construction job delegated to a contractor may be brought within the Workmen's Compensation Act. (1A Larson, Workmen's Compensation Law, § 49.12 [1973]; and 99 C. J. S., Workmen's Compensation, §§ 107-109.)

The judgment of the lower court is reversed.