(649 P.2d 1246)
No. 53,033

ROBERT ZEHRING, *Appellant,* v. GARY WICKHAM and RON WICKHAM d/b/a WICKHAM GLASS COMPANY, A Partnership, *Appellees.*

Opinion filed August 26, 1982.

*Edward J. Hund,* of Smith, Shay, Farmer & Wetta, of Wichita, for appellant.
*Greer Gsell,* of Hershberger, Patterson, Jones & Roth, of Wichita, for appellees.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: This negligence action is a workers' compensation third party action. See K.S.A. 44-504. Defendants Gary Wickham and Ron Wickham are partners doing business as Wickham Glass Company (Wickham). Plaintiff appeals from an adverse summary judgment.

The ground adopted by the trial judge and relied upon by Wickham is that plaintiff's only remedy against Wickham, if any, is that provided by our Workers' Compensation Act. K.S.A. 44-501 *et seq.*

The facts of this case as it comes before us are gleaned from the admitted allegations in plaintiff's amended petition, the parties' statements of uncontroverted contentions of fact and an affidavit of Ron Wickham. There was substantial compliance with K.S.A. 60-256 and Supreme Court Rule 141, 225 Kan. lxviii. Plaintiff has objected to Wickham's inclusion of certain selected deposition testimony as an appendix to its brief on the ground that material is taken from a deposition not in the record on appeal. The ground asserted is meritorious (Supreme Court Rule 6.02[f], 225 Kan. xlii), but the objection is lodged at material having no significant tendency to alter the mutually uncontroverted contentions of fact. The record on appeal and the briefs and argu-

ments of the parties reveal the parties have no real differences as to the facts.

Wickham is a glazing contractor whose daily business consists of the design, manufacture and installation of glass-enclosed entrances, glass curtain walls, windows, door glass and mirrors. Its business is not that of a general building contractor. Ron Wickham, a licensed architect, designed the Wickham office building constructed in 1961, an addition to the building constructed in 1977 and another addition constructed in 1978. The second addition is a prestressed concrete building with some special customized features required for housing a large glass tempering oven acquired by Wickham. The foundation, floor slab, electrical, plumbing, roofing and cartage parts of the work involved in the construction of the two additions were performed by independent contractors under oral and written contracts with Wickham; all other parts of the work involved in the construction of the additions were performed by Wickham employees using tools, equipment and materials it supplied and purchased. In the construction of the additions, Wickham coordinated the work of the independent contractors and oversaw its compliance with the plans and specifications.

Plaintiff was an apprentice electrician employed by Superior Electric, the firm with which Wickham contracted for the electrical wiring and fixtures installation portion of the construction of the second addition. On August 19, 1978, while in performance of his employer's contract with Wickham, plaintiff was accidentally injured on the job site. He was on the unfinished roof of the new addition when he fell through an uncovered hole. Immediately prior to his fall, plaintiff, using an electric hand drill, was drilling a series of one-inch holes through the unfinished roof for couplings from which to hang lights. He had previously drilled some of the holes in the wrong location and Ron Wickham had just shown him the correct location. After plaintiff's fall and removal to the hospital, Ron Wickham, using plaintiff's drill, completed the holes for the light couplings.

The exclusive nature of a worker's remedy under the Workers' Compensation Act is not questioned. K.S.A. 44-501. Neither is it questioned plaintiff suffered personal injury by accident arising out of and in the course of his employment. K.S.A. 44-501. The singular issue presented is whether Wickham was a "statutory

employer" of plaintiff as that status is defined by K.S.A. 44-503(*a*). The statute reads:

"Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workman's compensation act which he would have been liable to pay if that workman had been immediately employed by him . . . ."

The statute and its predecessor, G.S. 1935, 44-503(*a*), are the subject of numerous appellate opinions. Consideration of the statute and the opinions requires careful recognition of the statutory definitions of "principal" and "contractor." While the Revisor of Statutes has chosen to insert "Subcontracting" as the section heading, application of the statute is not limited to situations in which the immediate employer of the worker is a subcontractor.

Under K.S.A. 44-503(*a*), a statutory employer, the "principal," is a person who contracts with another person, the "contractor," for the execution by or under the contractor of the whole or any part of (1) work the principal has undertaken to execute which is a part of the principal's trade or business, or (2) work the principal has undertaken by contract with a third party to perform.

Fundamental to operation of K.S.A. 44-503(*a*) is the existence of a contract between two employers, the principal and the contractor. See *Ellis v. Fairchild,* 221 Kan. 702, 712, 562 P.2d 75 (1977). If the work they contract for execution by or under the contractor is a part of the principal's trade or business, the statute is operative; it does not matter whether the work for execution by or under the contractor is work the principal has contracted with a third party to perform; the contractor is not necessarily a subcontractor. If the work they contract for execution by or under the contractor is work the principal has contracted with a third party to perform, the statute is operative; it does not matter whether the work for execution by or under the contractor is a part of the principal's trade or business; the contractor is a subcontractor.

Here, there is a contract between two employers, that is, Wickham as the principal and Superior Electric as the contractor. The work for execution by or under Superior Electric is not work Wickham undertook by contract with a third party to perform.

Accordingly, the question is whether the work Wickham and Superior Electric contracted for execution by or under Superior Electric was a part of Wickham's trade or business.

*Hanna v. CRA, Inc.,* 196 Kan. 156, 409 P.2d 786 (1966), and *Woods v. Cessna Aircraft Co.,* 220 Kan. 479, 553 P.2d 900 (1976), two rather recent Supreme Court opinions, review relevant case law. That review need not be repeated. The pertinent essential teaching of *Hanna* and *Woods* is the following:

" '[There are] two rather definite tests by which to determine whether the work covered by a contract is part of the principal's trade or business, *i.e.,* (1) is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

" 'If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's "trade or business," and the injured employee's sole remedy against the principal is under the Workmen's Compensation Act.' [*Hanna v. CRA, Inc.,* 196 Kan. at 159-160.]" *Woods v. Cessna Aircraft Co.,* 220 Kan. at 483-484.

There are two later Supreme Court opinions of help. In *Ellis v. Fairchild,* 221 Kan. 702, there was affirmance of a judgment finding the defendant operator of an aviation ground school was not the statutory employer of an employee of a flight school' business that had been sold by the defendant. It was held the sale of the flight school business was not an employment contract, that is, a contract between two employers. It also was held the work of the plaintiffs' deceased, a flight instructor, was not a necessary and integral part of the defendant's ground school business nor was that work, flight instruction, work which would ordinarily have been done by any employee of the defendant as a part of its ground school operations. 221 Kan. at 712-713.

In *Fugit, Administratrix v. United Beechcraft, Inc.,* 222 Kan. 312, 564 P.2d 521 (1977), a summary judgment on the ground the contractor's work was a part of the principal's trade or business was affirmed. While, as held, the underlying finding was appropriate under the recited facts, it was equally true the work performed under or by the contractor was work the principal, United Beechcraft, had contracted with a third party, Beech Aircraft, to perform. Thus for two reasons, the defendant United Beechcraft was a statutory employer. See Kelly, *Survey of Kansas Law: Workers' Compensation,* 27 Kan. L. Rev. 377, 385 (1979).

Was Superior Electric's work, installation of electrical wiring and fixtures as a part of the construction of the second addition to defendant's building, work necessarily inherent in and an integral part of defendant's trade or business, or was it work such as would ordinarily have been done by defendant's employees? We conclude the facts establish, as a matter of law, it was neither. Whether defendant's employees had the ability to do the work being or to be done by Superior Electric's employees is irrelevant.

*Purkable v. Greenland Oil Co.,* 122 Kan. 720, 253 Pac. 219 (1927), and *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P.2d 239 (1951), are distinguishable. In *Purkable,* an oil company engaged in drilling oil and gas wells on leased lands and producing oil therefrom was held a statutory employer of an employee of a contractor erecting a derrick incident to the drilling of a well. 122 Kan. at 723; *Hanna v. CRA, Inc.,* 196 Kan. at 160-161; *Woods v. Cessna Aircraft Co.,* 220 Kan. at 484. In *Lessley,* a public utility company engaged in the production, sale and transmission of electric power and authorized by its articles of incorporation to build and construct power plants and power houses was held a statutory employer of an employee of a contractor erecting a new power plant essential to operation of the business of production, sale and transmission of electric power. 171 Kan. at 199; *Hanna,* 196 Kan. at 160; *Woods,* 220 Kan. at 484; *Hataway v. Proctor & Gamble Manufacturing Co.,* 195 Kan. 335, 405 P.2d 350 (1965).

While differing in that Wickham undertook unto itself parts of the construction of the new addition, we view this case as rather akin to *Hataway v. Proctor & Gamble Manufacturing Co.,* 195 Kan. 335. There it was held the contractor's work was the erection of a building addition and the principal's work was operation of the addition after its erection (195 Kan. at 340); here it may be said Superior Electric's work was installation of electrical wiring and fixtures and Wickham's work was use and operation of the wiring and fixtures after its installation.

One remaining matter requires consideration. *Woods,* which reversed a summary judgment and remanded for presentation of evidence on the question of the principal's trade or business, includes the following:

"Ordinary construction work, such as building a factory structure, is considered outside the trade or business of a manufacturer or mercantile establishment.

[Citations omitted.] But *if the defendant is a business which by its size and nature is accustomed to carrying on a more or less ongoing program of construction,* replacement and maintenance, perhaps even having a construction division, *or which can be shown to have handled its own construction in the past, a construction job delegated to a contractor may be brought within the Workmen's Compensation Act.* [Citations omitted.]" (Emphasis added.) 220 Kan. at 486.

We are convinced the possibility of application of the quoted language initially requires identification of the work contracted for execution by or under the contractor. Here, the work contracted for execution by or under Superior Electric was electrical wiring and installation work. The uncontroverted facts plainly fail to show Wickham was accustomed to carrying on a more or less ongoing program of electrical wiring and installation work or that Wickham handled its own electrical wiring and installation work in the past, either as a part of the 1961 or 1977 construction projects or in any way incidental to its business as a glazing contractor.

The summary judgment is reversed and the case is remanded for further proceedings and trial on plaintiff's negligence claim.