No. 53,033

ROBERT ZEHRING, *Appellant,* v. GARY WICKHAM and RON WICKHAM d/b/a WICKHAM GLASS COMPANY, A partnership, *Appellees.*

(658 P.2d 1004)

Opinion filed February 19, 1983.

*Edward J. Hund,* of Smith, Shay, Farmer & Wetta, of Wichita, argued the cause and was on the brief for the appellant.

*Greer Gsell,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause and *H. E. Jones,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

HERD, J.: This case is before us on Petition for Review. The

district court granted appellee's motion for summary judgment; the Court of Appeals reversed and remanded for trial on appellant's negligence claim in a published opinion, *Zehring v. Wickham*, 8 Kan. App. 2d 65, 649 P.2d 1246 (1982).

The material facts are uncontroverted. The Wickham Glass Company (Wickham) is a glazing contractor. Its daily business consists of the design, manufacture and installation of glass enclosed entrances, glass curtain walls, windows, door glass and mirrors. The company is not, however, a general building contractor. The appellee, Ron Wickham, a licensed architect, designed the Wickham office building constructed in 1961 and two additions to the building built in 1977 and 1978.

The last addition was built in 1978 after Wickham acquired a large glass tempering oven which required additional space. The foundation, floor slab, electrical, plumbing, roofing and cartage parts of the work involved in the construction of the two additions were performed by independent contractors under oral and written contracts with Wickham. All other work involved in the construction of the additions was performed by Wickham employees using tools, equipment and materials it supplied and purchased. During the actual construction of the addition Wickham coordinated the work of the independent contractors and oversaw compliance with the plans and specifications.

Wickham contracted with Superior Electric for the electrical wiring and fixtures installation portion of the 1978 addition. The appellant, Robert Zehring, worked for Superior as an apprentice electrician. On August 19, 1978, Zehring was working at the Wickham site drilling a series of one-inch holes through the unfinished roof for couplings from which to hang lights. He had previously drilled some holes in the wrong location so Ron Wickham corrected him. As Zehring moved to the proper location he fell through an uncovered hole in the roof. He sustained injuries and was taken to the hospital. Ron Wickham, using the same drill, then completed the holes for the light couplings.

Zehring brought this common-law negligence action against Gary and Ron Wickham, d/b/a Wickham Glass Company, alleging the appellees did not adequately provide for his safety. The appellees moved for summary judgment claiming Zehring was a statutory employee of Wickham as defined by K.S.A. 44-501 and 44-503 and as such his only remedy against Wickham was that

provided by the Workers' Compensation Act, K.S.A. 44-501 *et seq.*

The trial court granted Wickham's motion and Zehring appealed. In an opinion written by Judge Rees the Court of Appeals reversed, holding that, as a matter of law, the appellant was not a statutory employee of Wickham, leaving the way open for Zehring's negligence suit against the appellees. We granted Wickham's petition for review.

The issue in this case is whether Robert Zehring was a statutory employee of Wickham, thus barring his common-law negligence action.

Since this case involves appellate review of the trial court's ruling on a motion for summary judgment, let us set forth the scope of appellate review. Summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact remaining, leaving the moving party entitled to a judgment as a matter of law. *Panhandle Agri-Service, Inc. v. Becker,* 231 Kan. 291, 295, 644 P.2d 413 (1982). In considering a motion for summary judgment the party against whom the motion is directed is entitled to the benefit of all reasonable inferences and doubts which may be drawn from the facts under consideration. *Farmers State Bank & Trust Co. of Hays v. City of Yates Center,* 229 Kan. 330, 341-42, 624 P.2d 971 (1981).

Let us next turn to the statutes pertaining to this case. K.S.A. 44-501 states in part:

"Except as provided in the workmen's compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder . . . ."

This statute is commonly referred to as the exclusive remedy provision of the workers' compensation act. Under this provision it has become well established that if a worker can recover benefits for an injury from an employer pursuant to the workers' compensation act, he cannot maintain a common-law negligence action for damages against that employer. *Fugit, Administratrix v. United Beechcraft, Inc.,* 222 Kan. 312, 314, 564 P.2d 521 (1977).

K.S.A. 44-503(*a*) provides in pertinent part:

"Where any person (in this section referred to as principal) *undertakes to*

*execute any work which is a part of his trade or business or which he has contracted to perform* and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then in the application of the workmen's compensation act, references to the principal shall be substituted for references to the employer . . . ."

This section extends the application of the workers' compensation act to certain individuals or entities who are not the immediate employers of injured workers. It has been stated a principal purpose of K.S.A. 44-503(*a*) is "to prevent employers from evading liability under the act by the device of contracting with outsiders to do work which they have undertaken to do as a part of their trade or business." *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, Syl. ¶ 4, 167 P.2d 613 (1946). See also *Fugit*, 222 Kan. at 315.

For the purposes of K.S.A. 44-503(*a*) Wickham can be considered the principal in this case. Since the 1978 addition was not work which Wickham had "contracted to perform" the operative language here is "work which is a part of his trade or business." If the 1978 addition falls into that category Zehring could be considered a statutory employee of Wickham and his common-law negligence action would be banned. If not, this action is proper and the Court of Appeals correctly reversed the trial court.

Several Kansas cases have addressed the issue of whether the work which gave rise to the worker's injury was a part of the principal's trade or business. In *Lessley v. Kansas Power & Light Co.*, 171 Kan. 197, 231 P.2d 239 (1951), the injured plaintiff was employed by a subcontractor working on the erection of a new power plant for K. P. & L. Specifically, the plaintiff was involved in the construction of a new building and the installation of a new turbo-generator and steam boiler therein. The court had,

"little difficulty in concluding . . . that steam boilers, turbines, generators and other equipment, as well as a building in which to house them, are a part of the integral equipment necessary to the operation of the business of a public utility which is engaged in the production, transmission and sale of electricity. New buildings and new equipment whether required for replacement purposes or for increased capacity are incidents essential to the proper maintenance of such business." 171 Kan. at 208.

Thus, the plaintiff was a statutory employee of K. P. & L. and his common-law action was barred.

In *Hataway v. Procter & Gamble Manufacturing Co.*, 195 Kan. 335, 405 P.2d 350 (1965), a labor foreman employed by a contracting company was injured by the negligence of a Procter & Gamble fork-lift operator during the construction of an extension or addition to Procter & Gamble's Tide Department. The trial court held the injured foreman was a statutory employee under the worker's compensation act and sustained Procter & Gamble's motion for summary judgment. This court reversed, stating "the construction of the Tide Building was not work which the manager of the Procter & Gamble soap company would ordinarily have done through employees of the business of manufacturing soaps and detergents." 195 Kan. at 340. *Lessley* was distinguished on the grounds that K. P. & L. was a public utility with the express power to build and construct power plants.

In *Woods v. Cessna Aircraft Co.*, 220 Kan. 479, 553 P.2d 900 (1976), the decedent was killed during the course of his employment with Coonrod & Walz Construction Company, Inc., which had contracted with Cessna to construct an airplane hangar. The trial court granted Cessna's motion for summary judgment, holding the decedent was a statutory employee of Cessna. This court reversed. In an opinion written by Justice (now Chief Justice) Schroeder the court repeated a two-part test to be used in determining whether the work covered by a contract is part of the principal's trade or business:

" '(1) [I]s the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) [I]s the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

" 'If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's "trade or business," and the injured employee's sole remedy against the principal is under the Workmen's Compensation Act.' " 220 Kan. at 483-84.

See also *Hanna v. CRA, Inc.*, 196 Kan. 156, 159-60, 409 P.2d 786 (1966).

The court concluded with language especially applicable to the case at bar:

"Ordinary construction work, such as building a factory structure, is considered outside the trade or business of a manufacturer or mercantile establishment. (See, 1A Larson, Workmen's Compensation Law, § 49.12 [1973]; 81 Am. Jur. 2d, Workmen's Compensation, § 128, p. 808; and 99 C.J.S., Workmen's Compensation, §§ 107-09.) But if the defendant is a business which by its size and nature is accustomed to carrying on a more or less ongoing program of construction, replacement and maintenance, perhaps even having a construction division, or which can be shown to have handled its own construction in the past, a construction job delegated to a contractor may be brought within the Workmen's Compensation Act." 220 Kan. at 486.

Finally, *Fugit, Administratrix v. United Beechcraft, Inc.*, 222 Kan. 312, involved a contract between United Beechcraft, Inc., a subsidiary of Beech Aircraft Corporation, and Product Development Group pursuant to which Product Development would provide the engineering design work for the modification of the T-34 aircraft. The decedent, an employee of Product Development, suffered a heart attack during a test flight of the T-34. The trial court sustained the defendant's motion for summary judgment on the ground the decedent was a statutory employee of United Beechcraft under the workers' compensation act. This court affirmed, holding the modification of the aircraft was an integral part of United Beechcraft's trade or business. "It is sufficient," the court said, "if such work is a part of the overall operations of the principal contractor. A principal contractor may engage in several types of business activity, any one of which may constitute an integral part of its trade or business." 222 Kan. at 315.

In the case at bar the trial court ruled as a matter of law Zehring was a statutory employee of Wickham. The Court of Appeals reversed. We agree with the trial court and find the evidence in support of that position substantial. Admittedly, Wickham did not normally construct buildings and was not a general building contractor. It had, however, carried on its own construction in the past, constructing a building in 1961 and an addition in 1977. As such the 1978 addition, built to house a piece of machinery integral to the business, can be seen as a part of Wickham Glass Company's overall operation. Further, it must be remembered the provisions of the workers' compensation act are to be liberally interpreted in such a way as to bring a worker under the act whether or not desirable for the specific individual's circumstance. *Orr v. Holiday Inns, Inc.*, 6 Kan. App. 2d 335, 338, 627 P.2d 1193, *aff'd* 230 Kan. 271 (1981). We hold this action

is controlled by K.S.A. 44-503(*a*), making¹ Zehring a statutory employee of Wickham.

The judgment of the trial court is affirmed. The judgment of the Court of Appeals is reversed.

HOLMES, J., dissenting.