Brian K. MURPHY, Plaintiff,

v.

OWENS–CORNING FIBERGLAS CORPORATION, Defendant.

Civ. A. No. 85–2227–S.

United States District Court, D. Kansas.

Aug. 14, 1986.

Michael E. Callen, Callen, Sexton & Shelor, Kansas City, Kan., Larry D. Krpan, Des Moines, Iowa, for plaintiff.

Ronald C. Newman, Mustain & Newman, Chartered, Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, ——, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202, 54 U.S.L.W. 4755, 4757 (U.S. June 25, 1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an oth-

erwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

The plaintiff in this case has admitted the following facts set out in defendant's motion for summary judgment. The defendant, which manufactures roofing insulation at its Kansas City, Kansas plant, ships the finished product to locations outside Kansas via tractor-trailers. After a trailer is loaded, the vehicle is tarped and banded. Formerly, defendant's own employees assisted employees of the carrier in tarping the load. However, at some point in time approximately ten years ago, defendant began contracting out the entire tarping procedure to the carrier, who became solely responsible for tarping the trailers, although defendant's employees continued to load the trailers.

During the period in controversy, Ace Lines, Inc. was under a contract with the defendant to tarp and band the roofing insulation onto the trailers and transport the material to other locations. The plaintiff was employed as a driver for Ace Lines, Inc. On March 27, 1983, the plaintiff was picking up a load of insulation from the defendant's plant. While assisting his co-workers in tarping the load onto his trailer, a gust of wind caught part of the tarp. As a result, the plaintiff was blown off the trailer and fell to the pavement, suffering various injuries for which he seeks damages.

■ The defendant's motion for summary judgment relies on the plaintiff's status as a statutory employee under the Kansas Workmen's Compensation Act, K.S.A. § 44–501, –503(a) (1981). Section 44–501 is the exclusive remedy provision of the Act. If an injured worker is eligible for benefits from an employer pursuant to the Act, the employee may not recover damages from the employer for common law negligence. *Zehring v. Wickman,* 232 Kan. 704, 706, 658 P.2d 1004, 1006 (1983). Specifically, the defendant relies on the statute which renders employees of a subcontractor the equivalent of employees of the contractor in certain circumstances, for the purposes of workmen's compensation. K.S.A. § 44–503(a) (1981). In pertinent part, the statute reads as follows:

> Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business ... and contracts with any other person (in this section referred to as the contractor) for the execution by ... the contractor of ... any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him....

The defendant claims that because the plaintiff falls within the class of employees covered by this statute, the plaintiff's sole recovery against the defendant is for workmen's compensation.

■ The plaintiff contends that pursuant to the applicable tests under Kansas law, he was not defendant's employee and should not be precluded from recovering against the defendant for common-law negligence. The plaintiff relies on the Kansas Supreme Court's guidelines for whether a given undertaking is part of the principal's trade or business. The work being performed by the statutory "contractor" is part of the principal's trade or business if (1) the work is necessarily inherent in and an integral part of the principal's trade or business; or (2) the work is such as would ordinarily have been done by the employees of the principal. *Mays v. Ciba-Geigy Corp.,* 233 Kan. 38, 64–65, 661 P.2d 348, 367 (1983) (quoting *Woods v. Cessna Aircraft Co.,* 220 Kan. 479, 483–84, 553 P.2d

900, 904 (1976)). The plaintiff asserts that tarping a load of insulation is neither an integral part of the defendant's business nor a job that ordinarily would be done by defendant's employees.

As a general proposition, the provisions of Kansas' Workmen's Compensation Act "are to be liberally construed to bring workers under the Act whether or not it is desirable for the specific individual's circumstances." *Mays*, 233 Kan. at 65, 661 P.2d at 368. While recognizing this policy, is the evidence in the present case such that the court should hold as a matter of law that the plaintiff was an "employee" of defendant? One of the difficulties in this determination is the precise standard for defining "employee." The courts in workmen's compensation cases have not constructed precise guidelines for deciding whether, in any given case, the common law master-servant relationship is required, thereby excluding independent contractors from coverage; or whether some true independent contractors, not subject to the control of the principal, nonetheless are "employees" under the statute.

■ One useful discussion on this point is contained in *Durnil v. Grant*, 187 Kan. 327, 332–34, 356 P.2d 872, 877–79 (1960). The Kansas Supreme Court in *Durnil* distinguished between statutory employees and common-law employees. The two groups are not coextensive. The Court stated that K.S.A. § 44–503 extended liability for workmen's compensation to employees who would not normally be considered within the common law definition of an employee. *Durnil*, 187 Kan. at 333, 356 P.2d at 878. Thus, under section 44–503, the true determination of statutory employment depends upon the type of work being performed by the contractor and not the status that the contractor would have held under the common law. Once it is established that a common law independent contractor can be a statutory employee, the issue becomes whether the contractor was performing work that is an integral part of the principal's business or that the princi-

pal's employees might be expected to perform.

The defendant first cites *Swift v. Kelso Feed Co.*, 161 Kan. 383, 168 P.2d 512 (1946), as directly supporting its position. In *Swift*, the plaintiff was employed by the trucking company that transported the defendant feed company's products. The plaintiff fell off a load of hay that was being delivered for the defendant, and sued the defendant for workmen's compensation benefits. Although the trucking company kept its trucks in garages owned by the food company, the distinction relied upon by the court was that the contractor was doing work which was a part of the feed company's business. *Id.* at 385, 168 P.2d at 513. The court held that the business of the feed company included selling *and* delivering the feed.

A similar case, *Watson v. Dickey Clay Mfg. Co.*, 202 Kan. 366, 450 P.2d 10 (1969), concerned the delivery of the manufacturing company's tile. The court held that an employee of the trucking company that delivered tiles to dealers or to on-site contractors was also an employee of the manufacturing company because loading, hauling and delivering the tiles was an integral part of the manufacturer's business. *Id.* at 371, 377, 450 P.2d at 14, 19.

The plaintiff fails to address the effect of these cases, and instead simply cites *Waterbury v. Riss & Co.*, 169 Kan. 271, 219 P.2d 673 (1950). The *Waterbury* case is factually similar in that it involves a trucking company which hauled goods for another company, in this case a beer distributor. However, the court in that case relied on the beer distributor's unique status under a state license. The court's reasoning for finding no employment relationship in that case is as follows. A beer distributor is licensed to distribute malt beverages, and derives the conduct of its business from authority of statute. The distributor is not authorized to permit any other entity to conduct beer distributing. Therefore, the trucking company could not have been conducting the trade or business of the beer distributor. The trucking company's sta-

tus as a licensee under the Kansas Corporation Commission (KCC) should not be given great weight, as the trucking company in the *Watson* case was also under the authority of the KCC. *Watson*, 202 Kan. at 373, 450 P.2d at 16.

In the present case, the plaintiff has admitted every material fact relied upon by the defendant in support of its motion for summary judgment on the issue of statutory employment. The only facts disputed by the plaintiff dealt with the defendant's control over the procedure used by Ace Lines, Inc. in tarping the loads and the defendant's knowledge of prior accidents of the nature alleged by the plaintiff. Both of these contested facts deal with the issue of negligence, and neither is material in deciding whether the plaintiff was a statutory employee of defendant under the Kansas Workmen's Compensation Act. Because there is no genuine issue of material fact, the case is a proper one for summary judgment on the legal issue of statutory employment.

Considering the record in a light most favorable to the plaintiff, the court finds that under Kansas law, loading, tarping and binding the load, and delivering of a manufacturer's goods to its customers or to retail dealers or other outlets is an integral part of its business. Furthermore, the tarping and binding of the load is a procedure which an insulation manufacturer's employees might be expected to perform, but which in this case has been contracted out to another. The situation falls squarely within K.S.A. § 44–503(a). This finding makes plaintiff's sole recourse against defendant an action under the Workmen's Compensation Act and precludes a lawsuit based on common law negligence. The court's holding negates the necessity of determining the defendant's negligence in this case, and that issue is rendered moot.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment on the issue of statutory employment under the Kansas Workmen's Compensation Act is hereby granted.